IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KEENE,<br><br>                   Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                   Defendant. | Case No. _____<br><br>Honorable _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Google LLC, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

By filing this notice, Google does not concede any allegation, assertion, claim, or demand for relief in the Complaint of Plaintiff James Keene, or that any damages exist. Google expressly denies that it has defamed Keene, affirmatively states that it intends to defend this matter vigorously, and reserves all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

**I.      INTRODUCTION**

Plaintiff commenced this action in the Circuit Court of Cook County, Illinois on July 30, 2025, under the case name *James Keene v. Google LLC*, Case No. 2025 L 009597. *See* Ex. A (Complaint). On September 2, 2025, Google received a Summons and copy of Plaintiff's

Complaint. To date, no other process, pleadings, or orders related to this action have been filed or entered. Google will be filing a pleading or motion in response to Plaintiff's Complaint in this Court pursuant to Federal Rules of Civil Procedure 81(c)(2) and 12(b).

## II. GROUNDS FOR REMOVAL

This action is removable on the basis of diversity jurisdiction, and both venue and intra-district assignment are proper.

**A.    Complete Diversity of Citizenship**

Plaintiff James Keene is a citizen of the State of Illinois. Ex. A ¶ 1. Google is a limited liability company whose sole member is XXVI Holdings Inc., which is a company incorporated in the State of Delaware and headquartered in the State of California. *See, e.g.*, *Ballentine v. Google LLC*, No. 24-cv-4699, 2024 WL 4855215, at *3 n.2 (S.D.N.Y. Nov. 21, 2024). Thus, Google is a citizen of Delaware and California. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (citizenship of an LLC is determined by the citizenship of its members).[1] There is nothing in the Complaint to indicate that Plaintiff is a citizen of either Delaware or California. Accordingly, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(1).

**B.    Amount in Controversy**

It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interests and costs. Plaintiff's Complaint alleges that Google's Artificial Intelligence platform (Google AI) made libelous statements about Plaintiff. Plaintiff

---

[1] The Complaint alleges that Google is "authorized to do business in Illinois with a principal address within Illinois." Ex. A ¶ 2. Although Google maintains an office in Illinois, this office is not the principal place of business of Google's sole member—nor does the Complaint so allege.

2

seeks a minimum of $250 million in damages. *See* Ex. A ¶¶ 36-37 (alleging $250 million in "general damages" and "an as-of-yet undetermined amount" in "special damages").

The amount in controversy "concerns what the plaintiff is claiming . . . not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). If, "assuming the facts the plaintiff alleges are true, state law allows recovery of the damages the plaintiff seeks . . . . the court accepts the plaintiff's good faith valuation of the claim." *Webb v. FINRA*, 889 F.3d 853, 859 n.4 (7th Cir. 2018) (Barrett., J.); *accord Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) ("[T]he court has jurisdiction unless an award for the jurisdictional minimum would be legally impossible."). Nothing in Illinois law precludes damages in excess of $75,000 for defamation per se claims, and courts routinely uphold verdicts in excess of that jurisdictional minimum. *See, e.g.*, *Republic Tobacco Co. v. N. Atl. Trading Co.*, 381 F.3d 717, 734–36 (7th Cir. 2004) (reducing presumed damages award to $1 million and punitive damages award to $2 million under Illinois law); *Miller UK Ltd. v. Caterpillar Inc.*, No. 10-cv-3770, 2017 WL 1196963, at *14 (N.D. Ill. Mar. 31, 2017) (denying motion to reduce presumed damages award of $1 million under Illinois law); *Finn v. Project Res. Sols., LLC*, 2024 IL App (1st) 221016, ¶¶ 1-3 (2024) (affirming presumed damages award of $235,000). Accordingly, in light of Plaintiff's $250 million claim, the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(a).

**C.      Venue and Intra-District Assignment**

The Northern District of Illinois, Eastern Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrac[e]" the Circuit Court of Cook County, Illinois, where the Complaint was filed. 28 U.S.C. § 1441(a).

3

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

Google has satisfied all other requirements for removal. Google was served on September 2, 2025 and has filed and served this Notice of Removal within 30 days of said service, as required by 28 U.S.C. § 1446(b). Because there are no other named defendants, no consent to removal is required.

The only process or pleading that Google has served or received in the state court proceeding is Plaintiff's Complaint, which is attached as Exhibit A pursuant to Section 1446(a). Google will file copies of additional state court records and proceedings, if any, within 10 days of receiving them.

Pursuant to Section 1446(d), Google will promptly file written notice of this removal and a copy of this Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

By filing this Notice of Removal, Google does not waive, and hereby reserves, any right to assert objections and defenses to Plaintiff's Complaint.

WHEREFORE, Defendant, Google LLC, removes this action from the Circuit Court of Cook County, Illinois bearing Case No. 2025 L 009597 to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Case: 1:25-cv-11431 Document #: 1 Filed: 09/22/25 Page 5 of 6 PageID #:5

5

| | |
|---|---|
| Dated: September 22, 2025 | Respectfully submitted,<br><br>WILLIAMS & CONNOLLY LLP<br><br>By: */s/ Jason H. Clayton*<br><br>Jason H. Clayton<br>Thomas G. Hentoff<br>Nicholas G. Gamse<br>Claire R. Cahill<br>680 Maine Avenue, SW<br>Washington, DC 20024<br>Tel: 202-434-5000<br>jclayton@wc.com<br>THentoff@wc.com<br>NGamse@wc.com<br>ccahill@wc.com<br><br>*Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd of September, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. On this date I further caused a copy of the foregoing document to be served on the individuals listed below via U.S. Mail and email:

      T. Paul S. Chawla
      Oak Brook Legal, P.C.
      3908 N. Cass Ave.
      Westmont, IL 60559
      tschawla@oakbrooklegal.com

      */s/ Jason H. Clayton*
      Jason H. Clayton