**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES KEENE,<br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No. 1:25-cv-11431<br><br>Honorable Thomas M. Durkin |

**PLAINTIFF'S UNCONTESTED MOTION**
**FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COMES James Keene (the "Plaintiff") by and through his counsel, T. Paul S. Chawla of Oak Brook Legal, P.C., and pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully moves this Honorable Court for leave to file his Second Amended Complaint, stating as follows:

1. Counsel for Plaintiff filed its First Amended Complaint on October 14, 2026.
2. This Honorable Court granted Counsel for Defendant until November 10, 2026 to answer or plead.
3. Since filing, Counsel for Plaintiff has discovered a handful of scrivener's errors which Counsel for Plaintiff would like to rectify before Defendant is required to plead.

4. Attached hereto as Exhibit 1 is a 'redline' version of the Second Amended Complaint identifying the changes between the First Amended Complaint and the proposed Second Amended complaint.
5. As the Court can see, the differences are minimal and primarily address scrivener's errors and a handful of typos.
6. Counsel for Plaintiff conferred with Counsel for Defendant on this motion and it is being submitted to the Court as an uncontested matter.
7. The parties jointly request that the deadline for pleading to the First Amended Complaint be stayed or stricken, that, in conformity with Rule 15(a)(2) Defendant be granted 14 days from the date of filing the Second Amended Complaint to plead thereto, and that the deadline for completion of the Rule 26 conference be likewise extended by 14 days.

WHEREFORE, for the above reasons, Plaintiff respectfully requests that this Honorable Court enter an Order granting Plaintiff’s Uncontested Motion for Leave to File Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), granting Plaintiff leave to file the proposed Second Amended Complaint, striking or staying Defendant's obligation to plead to the First Amended Complaint, granting 14 days from filing for Defendant to plead to the Second Amended Complaint, extending the deadline for completion of the parties Rule 26 conference, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted;
By: *_/s/ T. Paul S. Chawla_*
Counsel for Plaintiff

T. Paul S. Chawla
ARDC No.: 6206722
Oak Brook Legal, P.C.
3908 N. Cass Ave.
Westmont, IL 60559
Tel.: 630 325-5557
tschawla@oakbrooklegal.com
jpelton@oakbrooklegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. On this date I further caused a copy of the foregoing document to be served on the individuals listed below via email:

Thomas G. Hentoff
Nicholas G. Gamse
Claire R. Cahill
Jason H. Clayton
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202) 434-5000
thentoff@wc.com

By: *___/s/ T. Paul S. Chawla__*
T. Paul S. Chawla
Counsel for Plaintiff

T. Paul S. Chawla
ARDC No.: 6206722
Oak Brook Legal, P.C.
3908 N. Cass Ave.
Westmont, IL 60559
Tel.: 630 325-5557
tschawla@oakbrooklegal.com
jpelton@oakbrooklegal.com

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES KEENE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 1:25-cv-11431<br><br>Ad Damnum: $250,000,000.00~~2,500,000.00~~<br><br>Honorable Thomas M. Durkin<br><br>**JURY DEMAND** |

**PLAINTIFF'S ~~FIRST~~SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, James Keene ("Plaintiff"), an individual from Illinois, by and through his attorneys, Oak Brook Legal, P.C. and T. Paul S. Chawla, and for his Complaint against the Defendant, Google LLC ("Defendant" or "Google") a Delaware limited liability company, respectfully states as follows:

**PARTIES, JURISDTICTION, AND VENUE**

1. Plaintiff, James Keene, is a resident and Citizen of Illinois, living in DuPage County Illinois.

2. Defendant, Google LLC, is a limited liability company whose sole member is XXVI Holdings Inc., a Delaware corporation with its headquarters within the state of California.

3. There is complete diversity of the parties under 28 U.S.C. § 1332(a)(1).

4. Plaintiff seeks recovery of an ad damnum of not less than $2,500,000.00, an amount in excess of $75,000.00, exclusive of interests and costs.

5. This matter was removed from the Circuit Court of Cook County, Illinois by Defendant on or about September 22, 2025 with venue set in the Northern District of Illinois Eastern Division pursuant to 28 U.S.C. § 1441(a).

**COUNT I: Defamation – Libel Per Se**

6. Plaintiff restates and incorporates paragraphs 1-5 above as and for this paragraph of Count I by reference as if fully set forth herein.

7. Plaintiff is a Celebrity, American author, television executive producer, and former FBI operative.

a) Plaintiff has written and published several novels and is best known for his memoir about his life and experiences, titled *In with the Devil: A Fallen Hero, a Serial Killer, and a Dangerous Bargain for Redemption* (2010).

b) Plaintiff is well known for working with the FBI to uncover the crimes of the serial killer Larry Hall who was suspected of murdering many women.

c) By helping the FBI secure evidence and proof against Hall, Plaintiff, working as an operative for the FBI, absolved himself of any wrongdoings and assisted in convicting hall for multiple murders.

8. An Apple TV Miniseries titled *Black Bird* was made about Plaintiff's true story, which was in his memoir.

9. Plaintiff is an executive producer and consultant on various film and television projects including film and/or television projects produced by internationally recognized Hollywood production companies and distributors.~~distributers.~~

10. Plaintiff owns a real estate development company and several other businesses.

11. Plaintiff has previously contacted Google LLC., concerning misleading statements Google has previously published on their AI platform, advising Google of the untruthful nature of their AI platform assisted searches.

12. Google LLC is a limited liability company that is most known for its search engine, Google.com.

13. Google LLC has an Artificial Intelligence Platform named Google AI with an Artificial Intelligence Chatbot known as Gemini, both of which are accessible to users of Google.com.

14. Gemini is an online family of multimodal large language models (LLMs) developed by Google DeepMind and used on Google.com. Gemini is capable of understanding and responding to various types of prompts including text, images, and audio.

15. Plaintiff submitted complaints to Google LLC repeatedly in 2025, prior to the filing of this action, concerning incorrect information about Plaintiff produced, published, or disseminated by Google.com in response to searches and other queries made by public users of Google.com.

16. On or about May 24, 2025, through May 26, 2025 (Memorial Day Weekend, 2025). Plaintiff was made aware, though friends and acquaintances, of statements that Google had posted and that Google had stated as fact on its platform Google.com.

17. Between May 24, 2025, and May 30, 2025, Google LLC, through its platform, stated that Plaintiff "is serving a life sentence without parole for multiple convictions, according to Wikipedia." (See Exhibit 1)

18. The statements made in Exhibit 1 were false and were published on the internet and were accessible to tens of millions of users daily.

19. The Wikipedia article regarding Plaintiff on or about May 30, 2025, did not state that Plaintiff is serving a life sentence without parole for multiple convictions.

20. Google LLC stated through its platform, between May 26, 2025 and May 30, 2025, that "Plaintiff is serving a life sentence without parole for the murders of 3 women.". (See Exhibit 2)

21. Additionally, between May 26, 2025, and May 30, 2025, when asking about Plaintiffs' net worth Google stated through its platform that the Plaintiff "in the search results refers to a criminal, not a celebrity with a known net worth.". (See Exhibit 2)

22. The statements made in Exhibit 2 were false and were published on the internet and were accessible to tens of millions of users daily.

23. The following persons viewed information resulting from searches relating to James Keene on Google.com between May 24 and May 26, 2025 (Memorial Day Weekend, 2025) which was the same or substantially similar to the statements and information contained in Exhibits 1 and 2 hereto:

a. Kathy Psikos

b. Joan Obial

c. Mary Antonopoulos

d. Paul Desmarteau

e. Tim Keene

f. Phyliss Chudik

g. Marlene Narine

h. Carrianne Carroll

i. Sarina Margiotta

j. Scott Margiotta

k. Sam Musa

24. Plaintiff made a complaint to Google on May 27, 2025 informing Google about the false statements made by its platform.

25. Google privately apologized to Plaintiff, stating that the statements were an unknown error made by their Artificial Intelligence Platform.

26. On May 31, 2025, Plaintiff once again contacted Google regarding the false information on their platform, advising Google of the untruthful statements made about Plaintiff.

27. Google apologized again to Plaintiff on May 31, 2025.

28. On or about June 27, 2025, when a search, typed into the Google platform's search bar, asked, "Is Jimmy Keene sill alive," Google's AI Overview responded, "Yes, Jimmy Keene is still alive. The "Jimmy Keene" mentioned in the context of the Apple TV+ series "Black Bird" is a real person and he is alive and well. The show is based on his life story, but he was not the James Keene who passed away in 2022, according to an issue article. He is serving a life sentence without parole in Butner, North Carolina, according to Wikipedia." (See Exhibit 3[1].)

---

1

Exhibit 3 to Plaintiff's initial complaint was dismissed on Google's motion, and such exhibit, as well as all allegations relating thereto, have been omitted from Plaintiff's ~~First~~Second Amended Complaint. Exhibit 3 to Plaintiff's ~~First~~Second Amended Complaint was attached to Plaintiff's initial Complaint as Exhibit 4.

29. The Wikipedia article referenced by Google on or about June 27, 2025 did not state that Plaintiff was serving a life sentence without parole in Butner, North Carolina.

30. The statements made in Exhibit 3 were false and were published on the internet and were accessible to tens of millions of users daily.

31. The following persons viewed information resulting from searches relating to James Keene on Google.com in or about June and July of 2025 which was the same or substantially similar to the statements and information contained in Exhibit 3 hereto:

a. Kathy Psikos

b. Joan Obial

c. Mary Antonopoulos

d. Paul Desmarteau

e. Tim Keene

f. Phyliss Chudik

g. Marlene Narine

h. Carrianne Carroll

i. Sarina Margiotta

j. Scott Margiotta

k. Sam Musa

32. Plaintiff contacted Google again after June 27, 2025 and informed them about their defamatory statements; Google proceeded to apologize to Plaintiff again.

33. On or about June 15, 2026, Kathy Psikos viewed an AI Overview of Jimmy Keene generated on Google.com which included the statement that "He is serving a life sentence without parole in Butner, North Carolina." (See Exhibit 4.)

34. The statements made in Exhibit 4 were false and were published on the internet and were accessible to tens of millions of users daily.

35. The following persons viewed AI Overviews or AI Assisted Search Results or Summaries on Google.com containing statements that were the same or substantially similar to those set forth in Exhibit 4:

   a. Joan Obial on or about June 14, 2026 through July 8, 2026.

36. On or about July 8, 2026, Anna Davis viewed an AI overview of James Keene generated on Google.com which included the statement that he was a "successful drug/gun dealer." (See Exhibit 5.)

37. On or about September 28, 2026, Anna Davis viewed an AI overview generated by searching "Jimmy Keene Wikipedia" that included the statement that Jimmy Keene was "Sentenced to 10 years in prison in 1996 for a marijuana and weapons conspiracy without the possibility of parole." (See Exhibit 6.)

38. The statements made in Exhibits 5 and 6 were false (in that Plaintiff never sold guns, never engaged in a conspiracy relating to guns/weapons, was never charged with gun/weapon crimes, and was not convicted of gun/weapon crimes) and were published on the internet and were accessible to tens of millions of users daily.

39. The following persons viewed AI Overviews or AI Assisted Search Results or Summaries generated on Google.com on one or more occasions containing statements that were the same or substantially similar to those set forth in Exhibits 5 and 6 regarding Keene's sale of guns, participation in gun or weapon conspiracy, federal charges relating to guns/weapons, and/or federal convictions relating to guns/weapons charges:

   a. Anna Davis on or about July 8, 2026 through September 29, 2026

b. Joan Obial on or about July 6, 2026 through October 1, 2026

c. Kathy Psikos on or about July 11, 2026

d. Jerilyn Jones on or about September 17, 2026 through September 29, 2026

40. On or about September 27, 2026 Jerilyn Jones viewed an AI overview of James Keene generated on Google.com stating Plaintiff was a "[f]ormer drug-dealing kingpin." (See Exhibit 7.)

41. The statement made in Exhibit 7 was false (in that Plaintiff was never a drug "kingpin") and was published on the internet and was accessible to tens of millions of users daily.

42. The following persons viewed AI Overviews or AI Assisted Search Results or Summaries generated on Google.com on one or more occasions containing statements that were the same or substantially similar to those set forth in Exhibit 7:

a. Anna Davis on or about September 27, 2026

b. Kathy Psikos on or about July 6, 2026 through July 11, 2026

c. Joan Obial on or about October 1, 2016

43. By repeatedly acknowledging and then apologizing for the false statements made on their platform, Google acknowledged the existence of the false statements, yet allowed such untruthful statements to continue to be published through their platform over a period of seventeen months; Google demonstrably failed to take reasonable steps to correct misinformation which continued to be published with Google's actual knowledge as to the falsity of the statements.

44. By allowing and promoting defamatory statements on Google.com despite knowing of their falsity and continuing to do so even after acknowledging their falsity, Google has

shown that they have a reckless disregard for the truth or that they are publishing such statements with knowledge of their falsity and actual malice.

45. The fact that Google has not corrected their conduct is egregious as the statements made by Google span a period over seventeen months despite repeated requests by Plaintiff to address the defamatory publications.

46. As a direct, proximate result of Google's false and defamatory statements and publications, plaintiff has suffered special damages in an as-of-yet undetermined amount.

47. As a direct and proximate result of Google's false and defamatory statements and publications (stating that Plaintiff was convicted of murder, that Plaintiff is either serving a life sentence or is on parole, that Plaintiff engaged in a gun/weapon conspiracy, was charged with gun/weapon crimes, or was convicted on gun/weapon charges, and that Plaintiff was a drug-dealing kingpin, such statements having been made with actual malice, knowledge of the falsity of the statements, and with reckless disregard for the truth) Plaintiff has suffered general damages in an amount not less of $250,~~.~~000,~~.~~000.00.

48. The extreme and outrageous, intentional, and malicious conduct engaged in with reckless disregard for the effect upon Plaintiff, as alleged herein warrants an award of punitive or exemplary damages against Google in an amount to be determined after hearing the proofs in this matter.

WHEREFORE, Plaintiff, James Keene, respectfully prays that this Court enter judgment in his favor and against Defendant Google LLC and award the following relief:

a. Special damages in an amount to be set after hearing the proofs in this matter;

b. General Damages not less than $250,~~.~~000,~~.~~000.00;

c. Punitive or exemplary Damages for Defendant's malicious intentional conduct in an amount to be set after hearing the proofs in this matter;

d. Attorneys' fees and costs of this action either as a separate award or as an element of punitive or exemplary damages;

e. Pre-judgment and post-judgment interest as allowed by law;

f. Costs of suit; and such other relief the Court deems just and proper.

Respectfully submitted by:
JAMES KEENE;
By: *___/s/ T. Paul S. Chawla________*
One of his attorneys

T. Paul S. Chawla (ARDC No.: 6206722)
Oak Brook Legal, P.C.
Counsel for Plaintiff James Keene
3908 N. Cass Ave.
Westmont, IL 60559
(630) 325-5557
tschawla@oakbrooklegal.com

**JURY DEMAND**

Pursuant to FRCP 81(c) the valid jury demand of Plaintiff made in the Circuit Court of Cook County prior to removal is preserved upon removal. For the purpose of completeness, Jury Demand pursuant to FRCP 38 is also expressly made herein as to cause of action set forth herein.

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on ____________~~October 14~~, 2026, he caused the foregoing document to be filed with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. On this date I further caused a copy of the foregoing document to be served on the individuals listed below by electronic transmission via email to:

Williams & Connolly, LLP
Thomas G. Hentoff
Counsel for Defendant Google, LLC
THentoff@wc.com

By: *___/s/ T. Paul S. Chawla________*
T. Paul S. Chawla
One of Plaintiff's attorneys